**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4765**

─────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

TANESHA BANNISTER,

                Defendant – Appellant,

        and

RANDY MARTIN; GEORGEAN MCCONNELL; ALISIA H. AKBAR; GUSSIE D.
NOLLKAMPER; FLORENCE NOLLKAMPER; CHRISTOPHER M. MORRIS;
LAVACA COUNTY TEXAS; JOSEPH E. MCCONNELL; JOHN M. WARTHER;
WELLS FARGO HOME MORTGAGE, INCORPORATED; CHERYL L. AMAKER;
DONNA C. ADKINS; CHASE MANHATTAN MORTGAGE CORPORATION;
LACARIA BROWN; LUTHER BRYAN,

                Parties-in-Interest.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.    Cameron McGowan Currie, District
Judge.   (3:02-cr-00548-CMC-40)

─────────

Submitted:  March 18, 2009            Decided:  April 6, 2009

─────────

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John
Preston BAILEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

─────────

Affirmed by unpublished per curiam opinion.

─────────

William Woodward Webb, THE EDMISTEN & WEBB LAW FIRM, Raleigh, North Carolina, for Appellant.  Beth Drake, Mark C. Moore, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanesha Bannister was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to life in prison. Bannister appealed, challenging her conviction and sentence. We affirmed Bannister's conviction and rejected claims relating to Bannister's sentence, but because she was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 280-month variant sentence on Bannister and Bannister timely appealed. Counsel for Bannister has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal but asserting that the district court may have improperly calculated Bannister's Guidelines range. Bannister has filed a pro se supplemental brief, also challenging the district court's calculation of her Guidelines range and asking this court to appoint her new counsel. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

3

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. First, because Bannister's arguments pertaining to her Guidelines range calculation were either litigated by Bannister on her first appeal and were rejected, or could have been litigated but were not, the mandate rule precludes their present consideration by this court. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)). The law of the case must be applied

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

4

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Because Bannister's Guidelines claims do not fall within any of the above-mentioned exceptions, she may not challenge her Guidelines range calculation on this appeal.

After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62.

While the court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."). Rather, in reviewing a sentence outside

the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

We find the district court's 280-month variant sentence to be reasonable. On remand, the district court entertained counsel's argument regarding the weight that should be afforded the § 3553(a) factors, allowed Bannister an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Bannister's sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was selected pursuant to a reasoned process in accordance with law, and that the reasons relied upon by the district court are plausible and justify the sentence imposed. Abu Ali, 528 F.3d at 260-61; United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment and deny Bannister's motion for appointment of new counsel. This court requires that counsel inform Bannister in writing of her right to petition the Supreme Court of the United States for further review. If Bannister requests that a

6

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bannister. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED